

# The Attorney General of Texas

April 4, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P O Box 12548
Austin, TX 78711
512/475-2501

701 Commerce. Suite 200
Dallas TX 75202
214/742-8944

4824 Alberta Ave  Suite 160
El Paso. TX 79905
915/533-3484

723 Main. S  te 610
Houston. TX 77002
713/228-0701

306 Broadway. Suite 312
Lubbock. TX 79401
806/747-5238

4313 N Tenth  Suite F
McAllen. TX 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX 78205
512/225-419 1

An Equal Opportunity/
Affirmative Action Employer

Honorable Sam Kelley
Office of Consumer Credit
 Commissioner
P. O. Box 2107
Austin, Texas 78768

Opinion No. MW-160

Re:  Whether a lender may charge interest of eighteen per cent per annum on a loan made to a professional corporation or professional association.

Dear Mr. Kelley:

You ask whether a lender may charge an interest rate of eighteen per cent per annum on a loan made to a professional corporation or to a professional association.

Professional corporations are organized under article 1528e, V.T.C.S., the Professional Corporation Act, while professional associations are organized under article 1528f, V.T.C.S., the Professional Association Act. Unless the legislature provides otherwise, a maximum rate of interest greater than ten (10%) per cent per annum shall be deemed to be usurious. See Tex. Const. art. XVI, § 11; V.T.C.S. art. 5069-1.02.

The legislature has established a corporate usury exception in the Texas Miscellaneous Corporation Laws Act, which in subsection B of article 1302-1.03, V.T.C.S., provides:

> B.  This Act shall govern all foreign and domestic corporations including but without being limited to those corporations heretofore or hereafter organized or granted a permit to do business under any Statute of the State, including the Texas Business Corporation Act, or the Texas Non-Profit Corporation Act, except to the extent that any provisions of this Act are expressly made inapplicable by any provision of the Texas Business Corporation Act, the Texas Non-Profit Corporation Act, or any special Statute of this State pertaining to a particular type of corporation.

(Emphasis added).  The corporate usury exception is found in article 1302-2.09, V.T.C.S., which provides:

> Notwithstanding any other provision of law, corporations, domestic or foreign, may agree to and stipulate for any rate of interest as such corporation may determine, not to exceed one and one-half percent (1-1/2%) per month, on any bond, note, debt, contract or other obligation of such corporation under which the original principal amount is Five Thousand Dollars ($5,000) or more, or on any series of advances of money pursuant thereof if the aggregate of sums advanced or originally proposed to be advanced shall exceed Five Thousand Dollars ($5,000), or on' any extension or renewal thereof, and in such instances, the claim or defense of usury by such corporation, its successors, guarantors, assigns or anyone on its behalf is prohibited; however, nothing contained herein shall prevent any charitable or religious corporation from asserting the claim or interposing the defense of usury in any action or proceeding.

(Emphasis added).

The only restriction contained in article 1302-2.09, V.T.C.S., does not prevent a charitable or religious corporation from asserting a usury defense if it is charged the higher rate. Professional corporations organized pursuant to article 1528e, V.T.C.S., and professional associations organized pursuant to article 1528f, V.T.C.S., do not come within the exception provided for charitable or religious corporations. The statute contains no provision concerning the rate of interest that may be charged by lenders to professional corporations and associations. Both the Professional Corporation Act and the Professional Association Act provide that the Texas Business Corporation Act shall be applicable to the respective professional entities. See V.T.C.S. arts. 1528e, § 5; 1528f, § 25. No provision in either statute exempts such professional entities from the provisions of the Texas Miscellaneous Corporation Laws Act.

The Professional Corporation Act specifically authorizes a professional corporation to borrow money at such rates of interest as its board of directors may permit. V.T.C.S. art. 1528e, § 7(e). Although the Professional Association Act contains no identical provision, a similar provision is to be found in article 2.02A(9) of the Texas Business Corporation Act, which is applicable to professional associations pursuant to section 25 of article 1528f, V.T.C.S.

The purpose of the Professional Corporation Act and of the Professional Association Act is to permit persons duly licensed to practice a profession to obtain corporate status in order to claim certain benefits, including those available pursuant to the federal income tax statutes. See Hamilton, Professional Corporation Acts, 24 Sw. L.J. 94 (1970), and Hall, Professional Incorporation in Texas, 48 Tex. L. Rev. 84 (1969). Although the Texas statutes distinguish between professional corporations and professional associations, both entities are considered to be corporations for most practical purposes. As originally enacted, the Professional Association Act provided that "the statutory and common law of partnerships shall apply to associations formed under this Act." Acts 1969, 61st Leg., ch.

840, § 24, at 2518. In 1971, this provision was amended to provide: "The Texas Business Corporation Act shall be applicable to professional associations." V.T.C.S. art. 1528f, § 25.

We believe that the legislature intended to confer full corporate status upon professional corporations and professional associations, except where such status has been specifically reserved or limited. Therefore, we believe that the corporate usury exceptions contained in article 1302-2.09, V.T.C.S., applies to professional corporations established under article 1528e, V.T.C.S., and to professional associations established under article 1528f, V.T.C.S. Such corporations and associations may agree to an interest rate not to exceed one and one-half (1-1/2%) per cent per month upon corporate obligations when the original principal amount is five thousand ($5,000) dollars or more.

## SUMMARY

The corporate usury exception contained in article 1302-2.09, V.T.C.S., is applicable to professional corporations established under article 1528e, V.T.C.S., and to professional associations established under article 1528f, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Tom Pollan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Tom Pollan